IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE CARTISSER, | ) |
| | ) |
| Plaintiff, | ) 2:19-cv-1157-NR |
| | ) |
| vs. | ) |
| | ) |
| WEST ALLEGHENY SCHOOL DISTRICT and JERRI LIPPERT, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Denise Cartisser alleges that the West Allegheny School District and its Superintendent, Dr. Jerri Lippert, violated her 14th Amendment due process rights and tortiously interfered with her prospective employment relationships.  She claims they did so by publishing a defamatory "Statement of Charges" on the School District's website.  Defendants have answered the complaint and filed a motion for judgment on the pleadings. [ECF 13; ECF 14].  That motion is now fully briefed and ready for decision.

After careful consideration, the Court will grant Defendants' motion insofar as it seeks dismissal of the complaint on statute-of-limitations grounds. The Court agrees with Defendants that Ms. Cartisser's claims are, as currently pled, time-barred by the applicable statutes of limitations.

The limitations period for Ms. Cartisser's Section 1983 due-process claim is two years.  *See O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006) ("Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued.") (citation omitted); 42 Pa. C.S. § 5524(2) (two-year limitations period for "[a]n action to recover damages for injuries to the person . . .").  The limitations

period for Ms. Cartisser's tortious-interference claim is less clear—Defendants argue that it is also two years, but it may only be one. *See Maverick Steel Co. v. Dick Corp./Barton Malow*, 54 A.3d 352, 355 (Pa. Super. Ct. 2012) ("[T]he one-year statute of limitations for defamation applies to a tortious interference claim where the interference claim is based on defamatory statements.") (citation omitted). But because Defendants have not made that argument, the Court will assume, for purposes of this order only, that both of Ms. Cartisser's claims are subject to a two-year limitations period.

"Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (cleaned up). The plaintiff need only be aware that she has suffered *some* injury—the limitations period commences even "if the full extent of the injury is not then known or predictable." *Id.* at 635 (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)). In practice, accrual usually occurs "at the time of the last event necessary to complete the tort[.]" *Id.* at 634 (citation omitted). Similarly, under Pennsylvania law, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Morgan v. Petroleum Prods. Equip. Co.*, 92 A.3d 823, 828 (Pa. Super. Ct. 2014) (citation omitted).

This lawsuit was filed on September 11, 2019, so Ms. Cartisser's claims are time-barred if they accrued before September 11, 2017. Ms. Cartisser alleges that the defamatory Statement of Charges was originally published in February 2017. She then alleges that the School District failed to remove the Statement of Charges from its website, after agreeing to do so, in April 2017. She does not allege the date on which she supposedly lost any prospective employment. Normally the statute of limitations would run from one of these dates. *See Ghrist v. CBS Broad., Inc.*, 40 F. Supp. 3d 623, 628 (W.D. Pa. 2014)

(Hornak, C.J.) ("[I]t is the original printing of the defamatory material and not the circulation of it which results in a cause of action.") (cleaned up); *Ecore Int'l, Inc. v. Downey*, 343 F. Supp. 3d 459, 493 (E.D. Pa. 2018) (". . . [T]he cause of action accrues when there is an existing right to sue based on the breach of contract.") (cleaned up).

To escape dismissal, then, Ms. Cartisser must show that the statute of limitations was tolled by an equitable doctrine, such as the "discovery rule" or "continuing violation doctrine." Ms. Cartisser relies exclusively on the latter in her briefing. But both doctrines apply only if a plaintiff was reasonably unaware of her alleged injury until a date within the limitations period. *See Montanez v. Sec'y PA Dep't of Corr.*, 773 F.3d 472, 481 (3d Cir. 2014) ("[T]he continuing violation doctrine does not apply when the plaintiff is aware of the injury at the time it occurred.") (cleaned up); *In re Processed Egg Prod. Antitrust Litig.*, 931 F. Supp. 2d 654, 658 (E.D. Pa. 2013) ("The discovery rule is not a tool that plaintiffs may employ at-will to evade the statute of limitations. Instead, it is a doctrine with a limited reach, and its tolling benefit ends once a plaintiff discovers her injury."); *Sanders v. Pennsylvania's State Sys. of Higher Educ.*, ___ Fed. Appx. ___, No. 19-3095, 2020 WL 2071051, at *3 n.1 (3d Cir. Apr. 29, 2020) ("By his own admission, Sanders was aware of these acts when they occurred.") (citation omitted).

Ms. Cartisser's complaint is silent as to when she learned of her alleged injury—*i.e.*, Defendants' failure to remove the Statement of Charges and the attendant reputational harm. That won't do. Both the "discovery rule" and the "continuing violation" doctrine are exceptions to the ordinary method of calculating a limitations period, and a plaintiff must at least plead facts supporting their invocation. If a plaintiff does not even roughly allege the date on which she learned of her injury, the Court can only speculate whether some

equitable doctrine might possibly toll the limitations period. One could engage in that sort of empty speculation in *any* case, and it is not enough to survive dismissal. *See In re Processed Egg Prod.*, 931 F. Supp. 2d at 658 ("[A] plaintiff cannot plausibly suggest that the discovery rule applies to her claim unless she alleges the date on which she learned of her injury. A complaint that lacks such an allegation offers mere speculation as to the applicability of the discovery rule, and fails to suggest plausibly that the benefit of the rule extends to the plaintiff.") (citations omitted); *Hurley v. BMW of N. Am., LLC*, No. 18-5320, 2020 WL 1624861, at *9 (E.D. Pa. Apr. 2, 2020) ("[W]here the discovery rule tolls the statute of limitations until a certain date of discovery, a plaintiff must allege the specific date on which she learned of her injury.") (cleaned up); *In re Magnesium Oxide Antitrust Litig.*, No.10-5943, 2011 WL 5008090, at *25 (D.N.J. Oct. 20, 2011) ("Without some level of specificity regarding Plaintiffs' discovery of the alleged conspiracy, it is impossible to discern whether Plaintiffs could or should have discovered it within the limitations period."); *Wilson v. El-Daief*, 964 A.2d 354, 362 (Pa. 2009) ("The party relying on the discovery rule bears the burden of proof.") (citations omitted).

Ms. Cartisser's reliance on a "continuing violation" theory is also misplaced for an additional reason—a "continuing violation" is characterized by "continual unlawful acts, not continual ill effects from an original violation." *Montanez*, 773 F.3d at 481 (cleaned up); *see, e.g.*, *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 405 (W.D. Pa. 2012) (McLaughlin, J.) ("To the extent Rubino is complaining of the Commissioner Defendants' failure to 'undo' the damage allegedly caused by SOC 58 by virtue of its failure to render appropriate process after November 25, 2008, this is not a fresh constitutional violation but merely a continuation of the 'ill effects' of the original deprivation.") (citation omitted). This is for good reason. The statute would otherwise "begin to run

only after a plaintiff became satisfied that he had been harmed enough[.]" *Wallace*, 549 U.S. at 391.

Here, Ms. Cartisser has only alleged "continual ill effects" of Defendants' conduct occurring within the limitations period, as opposed to any "continual unlawful acts." *Montanez*, 773 F.3d at 481.  That is, she has alleged only that she continued to suffer harm as a result of Defendants' ongoing failure to remove the Statement of Charges between April and October of 2017.  Yet "[u]nder Pennsylvania law, it is the original printing of the defamatory material and not the circulation of it which results in a cause of action." *Graboff v. Am. Ass'n of Orthopaedic Surgeons*, 559 F. App'x 191, 194 (3d Cir. 2014) (cleaned up).

Alternatively, Ms. Cartisser's claim could be viewed as accruing when Defendants allegedly breached the parties' settlement agreement by failing to remove the Statement of Charges.  Either way, a "continuous posting on the Internet does not constitute separate acts of republication." *Id.* at 195; *see, e.g., Ghrist,* 40 F. Supp. 3d at 629 ("[T]he measuring point for counting down the one year statute of limitations also began on that date, and was not 'refreshed' each day thereafter that the offending story was accessible online.").

For these reasons, the Court finds that Ms. Cartisser has failed to plead facts that plausibly show that the statute of limitations should be tolled until at least September 11, 2017.  Absent such allegations, the Court can only assume that the limitations period began to run in the ordinary course, likely no later than April 2017 (or soon thereafter).  The Court will therefore dismiss the complaint.  However, considering the liberal standard for amendment, the Court will dismiss both counts without prejudice, and allow Ms. Cartisser to amend, if she so desires.

In amending her complaint, Ms. Cartisser must plead facts to support application of the discovery rule or some other tolling doctrine that would delay the start of the limitations period until after September 11, 2017. At a minimum, this will require her to allege the approximate date on which she learned of any injury attributable to Defendants' failure to remove the Statement of Charges from the School District's website. *See In re Processed Egg Prod.*, 931 F. Supp. 2d at 658; *Hurley*, 2020 WL 1624861, at *9; *In re Magnesium Oxide*, 2011 WL 5008090, at *25.

Finally, because the Court dismisses Ms. Cartisser's complaint as time-barred, it will not reach Defendants' other, substantive challenges to her claims. The Court will thus deny what remains of Defendants' motion without prejudice. Defendants may re-raise their other arguments if Ms. Cartisser successfully addresses the statute-of-limitations issue in an amended complaint. *Cf. Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 825 (E.D. Pa. 2017) ("The Court will grant Defendant's motion to the extent that it seeks the dismissal of Plaintiff's claims, but deny the motion to the extent that it seeks the entry of judgment.").

## ORDER

**AND NOW**, this **9th day of July, 2020**, it is hereby **ORDERED** that Defendants' motion for judgment on the pleadings is **GRANTED** insofar as it seeks dismissal of Ms. Cartisser's complaint on statute-of-limitations grounds. The motion is otherwise **DENIED** without prejudice to Defendants' re-raising their substantive arguments if Ms. Cartisser can plausibly allege that her claims are not time-barred in an amended complaint.

It is **FURTHER ORDERED** that Ms. Cartisser is granted leave to file an amended complaint addressing the deficiencies discussed above. Any

amended complaint must be filed by **July 17, 2020**.  If Ms. Cartisser does not amend by then, the Court will convert the dismissal to one with prejudice.

DATE: July 9, 2020                                      BY THE COURT:

                                                        /s/ *J. Nicholas Ranjan*
                                                        United States District Judge